UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO FERNANDO TORRES ORTIZ, (A#240-264-334),

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING CENTER,

Respondent.

No. 1:26-cv-05893-DC-SCR

ORDER & AMENDED

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

On August 18, 2026, the undersigned issued Findings and Recommendations to grant the § 2241 petition and to order Respondent to immediately release Petitioner from their custody based on the violation of his right to due process for a period of months by denying him a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 7. On August 21, 2026, Respondent filed new exhibits attached to their objections to those Findings and Recommendations. ECF No. 8-1. In light of this evidence that was presented for the first time in Respondent's objections, the August 18, 2026 Findings and Recommendations will be vacated. However, despite the bond hearing held on August 21, 2026, the undersigned continues to find that Petitioner's detention of multiple

months without a bond hearing violated his rights and recommends immediate release as the appropriate remedy for that violation.

The undisputed record in this case demonstrates that Petitioner is a native and citizen of Colombia who entered the United States in February 2022 and was released by Customs and Border Protection. Petitioner was convicted of misdemeanor driving while intoxicated in 2023 and served 10 days in jail. On June 6, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner based on his January 17, 2026 arrest for corporal injury on a spouse or cohabitant, a charge that remains pending. He is currently detained at Mesa Verde ICE Processing Center located in this judicial district.

In his § 2241 application docketed on July 27, 2026, Petitioner challenges his detention without being afforded an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). On July 29, 2026, the undersigned set a briefing schedule on the petition. ECF No. 4.

In a reply filed on August 5, 22026, Respondent concedes that "Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds § 1226(a) governs Petitioner's detention," while still maintaining their argument that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 5. However, Respondent's reply, filed two months after Petitioner was first detained by ICE, did not mention any custody determination process undertaken by ICE or that ICE had offered Petitioner the opportunity to seek redetermination of custody in a bond hearing before an immigration judge ("IJ"). Id. On August 18, 2026, the undersigned filed the original Findings and Recommendations.

Documents filed in support of Respondent's objections to the original Findings and Recommendations on August 21, 2026, show that Petitioner was served a Notice of Custody Redetermination Hearing on August 17, 2026 indicating that his bond hearing before an IJ was scheduled for August 19, 2026. ECF No. 8-1 at 4. In a signed order dated August 21, 2026, an IJ denied Petitioner bond finding him to be a flight risk and a danger to the community. ECF No. 8-1 at 1-3.

Petitioner filed a motion for a temporary restraining order ("TRO") that was docketed on October 1, 2026. ECF No. 9. This motion does not include any new facts or exhibits that are

different from the pending § 2241 petition.

In light of Rodriguez Vasquez, Petitioner's detention is governed by 8 U.S.C. § 1226(a) which provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, Petitioner was denied those statutory protections for a period of months in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right."). The custody redetermination hearing that was held on or about August 21, 2026 does not remedy this due process violation, given that Petitioner was entitled to a detention hearing upon being detained by ICE in early June, but did not receive that hearing until more than two months later (and then only after Petitioner initiated this habeas action). In tailoring the appropriate remedy for the due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Therefore, the undersigned finds that Petitioner is entitled to habeas relief in the form of immediate release from immigration detention.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations issued on August 18, 2026 (ECF No. 7) are vacated.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner MARIO FERNANDO TORRES ORTIZ (A#240-264-334) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. Petitioner's motion for a temporary restraining order (ECF No. 9) be denied as moot in light of the recommendation to grant the § 2241 petition.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Mesa Verde Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE