UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO FERNANDO TORRES ORTIZ (A-240-264-334),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE ICE PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-05893-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 9, 10, 11) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 13, 2026, the magistrate judge filed amended findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 11.) On October 16, 2026, Respondents objected to the findings and recommendations on the grounds that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), which provides for a post-deprivation bond hearing, and that "[b]ecause an [immigration judge] already conducted [a bond hearing] hearing, applied appropriate danger/flight risk factors, and issued a bond denial that remains unappealed, Petitioner's present detention is lawful under the statute and regulations."

(Doc. No. 12.) However, these arguments were already addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. As the magistrate judge found here, this court has found that due process relief is warranted where the government fails to provide the procedural protections under 8 U.S.C. § 1226(a) within a reasonable period of time after revoking a noncitizen's liberty without prior notice or a pre-deprivation bond hearing. *See Brito v. U.S. Immigr. and Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *4 (E.D. Cal. Oct. 19, 2026) (granting injunctive relief and petition for a writ of habeas corpus on due process grounds for a petitioner detained under § 1226(a) because "due process required [the petitioner] to be provided with a prompt custody redetermination hearing before an immigration judge"); *Rodriguez Ramos*, No. 1:26-cv-08388-DC-CSK, Doc. No. 11 (E.D. Cal. Oct. 23, 2026) (granting habeas petition on due process grounds and ordering that the petitioner be immediately released from custody where the petitioner was detained under 8 U.S.C. § 1226(a) and had not received the statutorily-provided process of a post-deprivation custody redetermination hearing until nearly two months after he was detained without prior notice or a pre-deprivation bond hearing); *Catalan v. Warden*, No. 1:26-cv-07774-DC-CSK, Doc. No. 14 (E.D. Cal. Oct. 22, 2026) (same for a petitioner who was detained for three months without being provided with the custody redetermination hearing he had requested). Thus, Respondents' objections provided no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The amended findings and recommendations filed October 13, 2026 (Doc. No. 11), are ADOPTED;
2. Petitioner Mario Fernando Torres Ortiz's (A-240-264-334) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED;
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondent's custody with

the same conditions he was subject to immediately prior to his detention in June 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Petitioner's pending motions (Doc. Nos. 9, 10) are DENIED as having been rendered moot by this order;
4. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and
5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 23, 2026**

Dena Coggins
United States District Judge